UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA

Case No: 10-30506

v.

ROLAND JAMES JACKSON,

*Defendant*.

_____/

## **DETENTION ORDER PENDING TRIAL**

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that Defendant be detained pending trial.

**Part I - Findings of Fact**

**A.  Motion to Detain (18 U.S.C. §§ 3142(a) and 3142(f)(1))**

XX  (1)  The Government moved for detention at Defendant's first appearance pursuant to:

      XX  18 U.S.C. § 3142(f)(1).

      __  18 U.S.C. § 3142(f)(2).

__  (2)  A detention hearing was held on this judicial officer's motion pursuant to 18 U.S.C. § 3142(f)(2). See part D for findings.

**B.  Rebuttable Presumption – Defendant on Release Pending Trial (18 U.S.C. §3142(e)(2))**

__  (1)  Defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1), and has previously been convicted of a crime listed in 18 U.S.C. § 3142(f)(1), or comparable state or local offense.

___ (2) The offense described in finding was committed while Defendant was on release pending trial for a federal, state or local offense.

___ (3) A period of less than five years has elapsed since

___ the date of conviction, **or**

___ Defendant's release from prison for the offense described in finding (B)(1).

___ (4) Findings (B)(1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community.

**C. Rebuttable Presumption – Probable Cause (18 U.S.C. § 3142(e)(3))**

There is probable cause to believe that Defendant has committed an offense:

___ for which a maximum prison term of ten years or more is prescribed in the _____[1], **or**

___ under 18 U.S.C. § 924(c), 18 U.S.C. § 956(a) or 18 U.S.C. § 2332b, **or**

___ listed in 18 U.S.C. § 2332b(g)(5) (federal crimes of terrorism) for which the prison term is 10 or more years, **or**

___ listed in 18 U.S.C. §§ 1581-1594 (slavery or trafficking in persons), **or**

___ involving a minor victim listed in 18 U.S.C. § 3142(e)(3)(E).

___ the probable cause findings above establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community.

**D. Findings Pursuant to 18 U.S.C. § 3142(f)(2)**

___ (1) There is a serious risk that Defendant will not appear.

---

[1] Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

__  (2)  There is a serious risk that Defendant will endanger the safety of another person or the community.

**Part II - Statement of the Reasons for Detention**

I find that the testimony and information submitted at the detention hearing establishes:

XX  by clear and convincing evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure the safety of the community; **or**

__  by a preponderance of the evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure Defendant's appearance; **or**

__  both of the above.

**Statement of reasons for detention pursuant to 42 U.S.C. § 3142(i):**

Having concluded that the Government timely moved for detention pursuant to 18 U.S.C. § 3142(a) in a case described in 18 U.S.C. § 3142(f), and that none of the rebuttable presumptions in favor of detention apply, the Court will consider Defendant's circumstances using the factors set forth in section 3142(g).

As to the factors set forth in subsections (g)(1) and (g)(2), I find that the offense charged involves a domestic assault upon a member of the Saginaw Chippewa Native American Tribe. I find from review of the affidavit supporting the Complaint filed against Defendant that there is a definite weight of evidence supporting the charge made against Defendant.

As to subsection 3142(g)(3), I find that Defendant is currently 19 years of age and has resided in a home he owns for approximately the last year. Prior to that time, he had

lived with his grandparents. Defendant reported to Pretrial Services that he stayed at least four other places when as he felt like doing so. Defendant is not married. His mother is deceased and he stated to Pretrial Services that he does not know his father.

Defendant last worked in 2009 doing lawn care on a self-employed basis. He previously worked in the Saginaw Chippewa tribal youth program at the Soaring Eagle casino. Defendant receives per capita payments from the Saginaw Chippewa Tribe.

During his interview with Pretrial Services, Defendant conceded that he has used marijuana for the last six years and is a regular user, smoking marijuana as much as four or five times a day. Preliminary urinalysis testing was positive for marijuana. Defendant also conceded to Pretrial Services that in the past he has experimented with illegally obtained prescription medications, powder cocaine, ecstasy and other substances.

In late October 2010, Defendant was charged in Tribal Court with family violence. He was released on bond with conditions, which included that he have no contact in any form with the victim. Defendant disputes the details of this condition, including the length of time that this no contact order was to run. Approximately five weeks later, on November 28, 2010, Defendant was arrested again by tribal authorities on a family violence charge – second offense – and disobedience of a lawful court order. This charge involved an alleged assault upon the same victim. Defendant was again bonded and the no contact order with the victim was reinstated. Defendant was subsequently arrested on the charges contained in the criminal complaint.

Counsel for Defendant disputes the facts underlying the instant complaint. The Assistant United States Attorney proffers that Defendant used his shoes to assault the victim. He also proffers that recorded phone conversations from the jail indicate

numerous occasions on which Defendant contacted the victim by telephone and those contacts included efforts to influence the victim's testimony. Although defense counsel disputes efforts by Defendant to influence testimony, he does not dispute that some telephone contact between Defendant and the victim took place while Defendant was incarcerated. Defense counsel invites the Court to bond Defendant with conditions, including a return to his grandparents' residence, a continuation of the no contact order and a tether.

As I consider these facts under the standards of the Bail Reform Act, I first conclude that the Tribal Court personal protection order, while entirely appropriate, was not effective and that Defendant consistently violated the terms of that order while under court supervision. Thus, it is plainly obvious that Defendant is unwilling to abide by the conditions of supervision and I see no legitimate reason to believe that this pattern of behavior would be changed if Defendant is placed on bond in this case.

As to the conditions proposed by defense counsel, while I have no doubt that Defendant's grandparents are and have been supportive, I am at the same time forced to conclude that, despite their best efforts, they were unable to meaningfully control Defendant's behavior. This is evidenced by Defendant's concession that for five years while he lived with his grandparents he abused marijuana and other drugs. Moreover, as was well-stated by the Second Circuit, "[w]here [as is clearly evidenced in this case] there is a strong probability that a person will commit additional crimes if released, the need to protect the community becomes sufficiently compelling that detention is, on balance, appropriate." *U.S. v. Colombo,* 777 F.2d 96, 98-99 (2d Cir. 1985).

For all these reasons, I conclude that there are no conditions nor any combination of conditions I could fashion which would reasonably assure the safety of the community, and in particular, the safety of the alleged victim. Therefore, the Government's motion to detain will be **GRANTED.**

**Part III - Directions Regarding Detention**

Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of the United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver Defendant to the United States marshal for a court appearance.

Review of this Order is governed by 18 U.S.C. § 3145 and E.D. Mich. L.R. 57.2.

|  |  |
|---|---|
|  | s/ *Charles E Binder* |
|  | CHARLES E. BINDER |
| Dated: December 7, 2010 | United States Magistrate Judge |

### **CERTIFICATION**

I hereby certify that this Order was electronically filed this date, electronically served on Roy Kranz and John Lewis, and served on Pretrial Services and the U.S. Marshal's Service by other electronic means.

Date: December 7, 2010        By    s/*Jean L. Broucek*
                            Case Manager to Magistrate Judge Binder